[630 NYS2d 87]

In the Matter of JOHN IMPERATORE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 24, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Rochman, Platzer, Fallick & Sternheim,* New York City *(Bobbi C. Sternheim* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with five allegations of professional misconduct. The Special Referee sustained all five charges, which the respondent admitted. The petitioner moved to confirm the report of the Special Referee. The respondent has submitted an affirmation in response in which he urges the Court to credit his mitigating evidence in determining the appropriate discipline.

Charge One alleged that the respondent failed to properly safeguard client funds entrusted to him. In or about November 1991, the respondent opened an escrow account (IOLA) at Chase Manhattan Bank (account No. 0401071279). Between March 15 and December 15, 1993, the respondent's escrow account was overdrawn on at least 14 separate occasions. When presented for payment between October 29 and December 16, 1993, the following checks, drawn on that account, were dishonored, due to either insufficient or uncollected funds:

| Date | Check No. | Amount | Reason |
|------|-----------|--------|--------|
| 10/29/93 | 1648 | $2,835 | Insufficient Funds |
| 11/5/93 & 11/18/93 | 1650 | $2,500 | Uncollected Funds |
| 11/5/93 | 1651 | $3,000 | Uncollected Funds |
| 11/18/93 & 11/24/93 | 1670 | $7,000 | Uncollected Funds Insufficient Funds |
| 12/1/93 | 1676 | $2,500 | Insufficient Funds |
| 12/8/93 | 1665 | $112.50 | Insufficient Funds |
| 12/16/93 | 1629 | $15,200 | Insufficient Funds. |

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Two alleged that the respondent improperly commingled client funds entrusted to him with his own funds, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). The respondent routinely deposited both client funds and his own funds into his escrow account at Chase Manhattan Bank.

Charge Three alleged that the respondent failed to maintain bookkeeping records required for his escrow account. The respondent failed to maintain those records required to be kept for such an escrow account in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

Charge Four alleged that the respondent failed to file retainer and closing statements with the Office of Court Administration. During 1992 and 1993, the respondent was retained to prosecute several personal injury matters. The respondent failed to file retainer and closing statements with the Office of Court Administration as required by Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20.

Charge Five alleged that the respondent engaged in an impermissible conflict of interest and improperly entered into business transactions with a client. During 1992 and 1993, the respondent represented Isabel Caminata in various legal matters. During this period, the respondent also entered into several business transactions with Ms. Caminata. The respondent represented both himself and Ms. Caminata in those business transactions. The respondent failed to disclose to Ms. Caminata that they had differing interests and that the respondent's own financial, business, property and personal interests might affect his exercise of professional judgment on her behalf. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 5-101 (A) and DR 5-104 (A) (22 NYCRR 1200.20 [a]; 1200.23 [a]).

Upon our review of the respondent's admission and the evidence adduced, we find that the Special Referee properly sustained all five charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent including the medical testimony that he was suffering from a psychological impairment which is currently being treated, that he has been admitted to the Bar less than four years, that he accepted full responsibility for his actions and was contrite, and the great strides he has made in bringing his practice into full compliance with the Court rules. Under the circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John Imperatore, is suspended from the practice of law for a period of two years, commencing August 28, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (Rules of App Div, 2d Dept [22 NYCRR] § 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John Imperatore, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.